IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02097-WDM-KLM


JOHN MATHEWS,

      Plaintiff(s),

v.

DENVER NEWSPAPER AGENCY LLP,

      Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

      This matter is before the Court on Defendant's Motion to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss the Complaint [Docket No. 14; Filed November 30, 2007] (the "Motion").  Plaintiff filed a Response to the Motion on December 18, 2007 [Docket No. 20].

      IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

      Stays are generally disfavored in this District.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished opinion).  However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay.  *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished opinion) (denoting a five-part test).  Here, those factors weigh against entry of a stay.

      The Court first balances Plaintiff's interest in proceeding expeditiously with his case against the burden on Defendant of going forward.  There can be no doubt that Plaintiff has an interest in proceeding with his case without delay.  As he argues, his ability to recover his alleged losses and the availability and memory of witnesses may be negatively impacted by a stay.  Plaintiff's Response, at 3 [Docket No. 20].  On the other hand, Defendant argues that its burden in going forward with the case outweighs Plaintiff's interest in proceeding, because Defendant has a potentially dispositive motion pending.  Defendant's Motion, at 2-6 [Docket No. 14].  Defendant's position necessarily depends on

the strength of its pending Motion to Dismiss [Docket No. 11; filed November 5, 2007]. Defendant's Motion to Dismiss is based on the doctrine of *res judicata*. Plaintiff argues that (1) *res judicata* does not apply; and (2) even if it does apply, application of the doctrine will not dispose of the entire case. Plaintiff's Response, at 1-2 [Docket No. 20]. The Motion to Dismiss has not been referred to this Court. Accordingly, the Court will not pass judgment on the strength of either party's position regarding the merits of the Motion to Dismiss. However, the Court notes that based on the parties' arguments, resolution of the Motion to Dismiss in Defendant's favor is not assured. As such, the Court cannot conclude that Defendant's potential burden in defending the litigation outweighs Plaintiff's interest in proceeding expeditiously. Moreover, the Court notes that Defendant has provided no evidence of its alleged financial or other burden in proceeding with discovery. Instead, it merely refers to the implied burden of "extensive and costly discovery." Defendant's Motion, at 5 [Docket No. 14]. This assertion is contradicted by Defendant's statement that the parties' previous arbitration hearing included "extensive witness testimony and numerous exhibits." *Id.* at 2. The Court refuses to assume that Defendant would be unduly burdened by discovery without an adequate showing thereof.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result. In fact, the Court notes that Plaintiff asserts that even if it is granted, the Motion to Dismiss will not fully resolve every issue in the case. Under those circumstances, the Court's docket would not be served by staying the entire case indefinitely. *See Wason*, 2007 WL 1655362, at *2. Moreover, if the Court enters a stay and the Motion to Dismiss is ultimately denied, neither the parties nor the Court would benefit from the delay.

The Court finds that the balance of the factors to be considered regarding entry of a stay weighs in favor of Plaintiff. Accordingly, the Motion is **denied**.

Dated:        December 19, 2007

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix