IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-02097-WDM-KLM

JOHN MATHEWS,

**Plaintiff,**

v.

DENVER NEWSPAPER AGENCY LLP,

**Defendant.**

## PROTECTIVE ORDER

This matter is before the Court on the stipulated motion of plaintiff and defendant Denver Newspaper Agency LLP (the "DNA"), for entry of a Protective Order concerning the treatment of Confidential Information (as defined below) in this litigation. Confidential Information produced in the course of this litigation will be subject to the following terms:

1. Certain information that each of the parties (each of whom shall be referred to as the "Producing Party") will provide to the other party (each of whom shall be referred to as the "Recipient Party") pursuant to Federal Rule of Civil Procedure 26 and in discovery and in depositions will be sensitive, confidential and/or proprietary. Such information shall be designated as "Confidential Information." Confidential Information includes, but is not limited to, personal information regarding Plaintiff's medical records, any mental health counseling in which Plaintiff participated, Plaintiff's tax or earnings records, Plaintiff's application for disability benefits and/or workers' compensation benefits, certain confidential information concerning current or former employees of the DNA, certain payroll, compensation and benefits information of the DNA, commercial information not available to the DNA's competitors, and information not publicly disseminated outside of the Denver Newspaper Agency LLP. It is the position of each party that

#1321246 v3

the disclosure of such Confidential Information outside the scope of this litigation could result in significant injury to its or his legitimate personal or business interests.

2. The Producing Party will stamp the word "Confidential" on all documents he or it deems in good faith to contain Confidential Information that are produced in discovery or pursuant to Rule 26 and next to the response to any interrogatory or request for admission that the Producing Party deems to contain Confidential Information. In addition, any of plaintiff's tax or earnings records, any document plaintiff produced or received in connection with any application for disability benefits or workers' compensation benefits, and any medical records or records of mental health counseling that plaintiff or the DNA obtains as a result of a release or authorization form signed by plaintiff shall be deemed "Confidential," whether or not plaintiff or any other person has stamped the word "Confidential" on those records.

3. To the extent that the disclosure of Confidential Information is required in the course of depositions, the parties agree to utilize the following procedure:

   a. Any individuals not authorized under the terms of this Order to receive Confidential Information will be excluded from the room in which the deposition is conducted while Confidential Information is being discussed;

   b. The portions of the deposition identified by the parties as involving Confidential Information will be so designated by the reporter and will be subject to the terms of this Order.

4. Confidential Information produced by the Producing Party can be reviewed only by the Recipient Party; the Recipient Party's counsel of record; the Recipient Party's counsel's paralegal, secretarial and clerical employees who are assisting in the preparation and trial or appeal of this action; witnesses in this litigation; potential witnesses, to the extent they are bound by the terms of this Protective order not to disclose the information to third parties or for any purpose unrelated to this litigation; expert witnesses retained to assist either of the parties in this litigation; court reporters and other persons involved in recording deposition testimony in this litigation; employees of litigation support, copying and/or microfilming services who are involved with providing litigation support, copying or microfilming services to counsel for any party to this litigation; the Court and any persons employed by the Court whose duties require access to any confidential material; and any other individual authorized by the Producing Party

#1321246 v3

or the Court. The Recipient Party must provide a copy of this Order to any individual to whom Confidential Information is disclosed, and each such individual will be bound by this Order. No party or employee of a party, nor any witness, potential witness, or expert will be permitted to review Confidential Information until that person has signed a nondisclosure agreement in the form attached hereto as Exhibit "A," certifying that he or she has received a copy of this Order and agrees to be bound by its terms. Individuals authorized to review Confidential Information shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Producing Party or by court order. Confidential Information may be used by the Recipient Party, its or his counsel, witnesses or potential witnesses, and expert witnesses solely in connection with this litigation.

5. In the event the Recipient Party contends that the Producing Party has improperly classified information as confidential, the parties will attempt to resolve the issue between themselves. If the parties cannot resolve the dispute, the Recipient Party may file a motion requesting that the Court determine if the Producing Party's classification of the information as confidential is warranted *and seeking any other appropriate relief*. *(KLM)*

6. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any pretrial proceedings, the information shall be filed under seal with the following statement typed conspicuously on the face of the envelope:

### Confidential

> This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on _____, 2008, in Civil Action No. 07-cv-02097-WDM-KLM.

Any pleadings or briefs filed by the parties that quote or discuss the contents of information designated as confidential shall be filed in a sealed envelope containing the same statement.

7. In the event Confidential Information is used at trial by either party, *to the extent possible given available technology*, the Confidential Information will be displayed electronically to the witness, the jury, the judge, the courtroom staff, the parties and the attorneys during the trial, but will not be displayed to spectators in the courtroom. *(KLM)*

3

#1321246 v3

8. At the conclusion of this litigation and any appeals associated therein, Confidential Information shall be handled in the manner prescribed in this paragraph 8. The Recipient Party's counsel will collect all extracts, abstracts, charts, summaries, notes or copies made from Confidential Information and shall obtain from each recipient an affidavit in the form of Exhibit "B" attached hereto. The Recipient Party will have the option of immediately returning to the Producing Party all Confidential Information provided to the Recipient Party, including all extracts, abstracts, charts, summaries, notes or copies that have been prepared by the Recipient Party, its or his counsel or experts, and the portions of all transcripts of depositions and testimony that contain specific discussion of Confidential Information or certifying to the Producing Party that he or it has collected all such Confidential Information and destroyed all copies thereof. Counsel for the Recipient Party will be permitted to keep copies for their files only. Upon request, the Recipient Party's counsel shall confirm in writing that they have complied with the requirements of this paragraph 8.

9. The Producing Party shall have all rights and remedies provided by law for breach of the terms of this Protective Order.

10. This Order shall govern any Confidential Information disclosed in the course of any alternate dispute resolution associated with this case, including but not limited to mediation and arbitration.

The Court, being fully advised, **HEREBY ORDERS** that the Motion is **GRANTED**. **GRANTED** this _17th_ day of April, 2008.

BY THE COURT:

_____
United States ~~District~~ Magistrate Judge

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

See interlineations on p. 3.

4

#1321246 v3

# EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the Protective Order relating to Confidential Information entered in *Mathews v. Denver Newspaper Agency LLP*, Civil Action No. 07-CV-02097-WDM-KLM, and agree to be bound by its terms.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date

5

EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02097-WDM-KLM

JOHN MATHEWS,                      Plaintiff,

v.

DENVER NEWSPAPER AGENCY LLP, a
Delaware limited partnership,
                                   Defendant.

## AFFIDAVIT

STATE OF _____ )
                               ) ss.
COUNTY OF _____ )

    I, _____, being first duly sworn, depose and state as follows:

    1.     During the course of this civil action I received Confidential Information as that term is defined in the Protective Order entered by the Court dated _____, 2008.

    2.     Concurrently with this Affidavit, I have returned all Confidential Information, including all copies and any summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information to the other party to this case or its or his counsel of record.

    3.     Except in accordance with the above-referenced Protective Order, I have not either personally or through any representatives kept or maintained any Confidential Information or any copies or summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information.

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this _____ day of _____, 2008 by _____.

[SEAL]

_____
Notary Public
My Commission Expires:_____