IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02097-WDM-KLM

JOHN MATHEWS,

   Plaintiff(s),

v.

DENVER NEWSPAPER AGENCY LLP,

   Defendant(s).
_____

## ORDER GRANTING MOTION TO COMPEL
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Compel Initial Disclosures and Discovery Responses from Plaintiff** [Docket No. 42; Filed May 09, 2008] (the "Motion"). Defendants request an Order compelling Plaintiff to: (1) provide complete initial disclosures; (2) respond fully to Defendant's First Set of Interrogatories; and (3) respond fully to Defendant's First Set of Requests for Production. Pursuant to D.C. L. Civ. R. 7.1(C), the time period for Plaintiff to respond to the Motion has passed, and Plaintiff (who is represented by counsel) has not responded.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Plaintiff failed to timely respond to the Motion or offer any explanation relating to Defendant's allegations of his alleged discovery abuses. It is the nonmoving party's burden to show why a discovery request is objectionable, and that burden cannot be sustained merely by asserting "boilerplate claims that the requested discovery is" burdensome or irrelevant without further substantiation of the objection. *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524

(D. Colo. 2003). In addition, failure to raise an objection in the response to a motion to compel will be deemed a waiver of that objection. *See Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 nn.15-16 (D. Kan. 2005). "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004). I find that Defendant's discovery requests are reasonable. Given Plaintiff's failure to respond to the Motion and provide substantiation for his objections, the Court is not inclined to give weight to any objections which do not relate to privilege issues.

IT IS FURTHER **ORDERED** that Plaintiff's request for its reasonable attorneys' fees and other appropriate relief is **GRANTED**. **First,** the Court orders that Plaintiff's failure to timely respond to the Motion and raise any objection he may have to supplementing his discovery responses waives all such objections, other than those based on applicable privileges. Plaintiff must, therefore, respond to the outstanding discovery requests in full, without objection, except objections based upon applicable privileges. **Second,** Plaintiff shall pay the reasonable attorneys' fees and expenses incurred by Defendant relating to litigating the Motion. It is within the Court's discretion to award reasonable attorneys' fees to Defendant pursuant to Fed. R. Civ. P. 37(a), and the Court is particularly moved to do so here where Plaintiff is represented by counsel and nothing in the record before the Court excuses his failure to comply with his discovery obligations and to fully respond to the outstanding discovery requests.

IT IS FURTHER ORDERED that on or before **June 20, 2008**, Defendant shall file an affidavit or affidavits of attorneys' fees and costs incurred in litigating the Motion. Plaintiff's objection, if any, to the affidavit(s) submitted by Defendant shall be filed by **June 27, 2008.**

IT IS FURTHER **ORDERED** that on or before **June 20, 2008**, Plaintiff shall:

(1) Supplement his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) by (a) providing known contact information for every listed witness; and (b) fully explaining the subjects on which such individuals have discoverable information pursuant to the Rule;[1]

(2) Supplement his responses to Defendant's First Set of Interrogatories by (a) verifying under oath his responses to every interrogatory; and (b) fully responding to Interrogatory Nos. 4, 5, 8, & 17 in the manner requested by Defendant in its Motion; and

(3) Supplement his production to Defendant's First Set of Requests for Production by (a) producing every document responsive to Requests for Production 10, 11, 16, 18, 19,

---

[1] *See Lobato v. Ford*, No. 05-cv-01437-LTB-CBS, 2007 WL 2593485, at *5 (D. Colo. Sept. 05, 2007) (unpublished decision) (citation omitted). While the question of how much information must be provided is not fully settled, the disclosed information should at least be enough to "help focus the discovery that is needed, and to facilitate preparation for trial or settlement." Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a). "Initial disclosures should provide the parties 'with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement.'" *Lobato*, 2007 WL 2593485, at *5 (citation omitted). Here, Plaintiff's disclosures stated that the current contact information for the majority of his listed witnesses is unknown and that each will testify "concerning Defendant's discriminatory and retaliatory treatment of Plaintiff and all other related matters." Motion at 3-4 [Docket No. 42]. While Plaintiff is not expected to provide information he does not possess, he is required to make "a reasonable inquiry" prior to making his disclosures. Fed. R. Civ. P. 26(g)(1). And while Plaintiff's disclosures provide some information regarding each witness' knowledge, the information is so generic as to be useless. The Court finds that given Plaintiff's failure to respond to the Motion and argue that his disclosures are sufficient, Plaintiff should be compelled to make a reasonable inquiry into and provide the current contact information for his witnesses and further detail regarding the knowledge each individual possesses.

20, & 22 to the extent that a document is not protected by an applicable privilege; and (b) producing a privilege log that fully details which documents responsive to these requests are withheld on the basis of which privilege.

*Plaintiff's failure to comply with this Order may result in the imposition of further sanctions, including a recommendation that default judgment be entered against him pursuant to Fed. R. Civ. P. 37(b).*

Dated: June 6, 2008

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge