IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02097-WDM-KLM

JOHN MATHEWS,

    Plaintiff(s),

v.

DENVER NEWSPAPER AGENCY LLP,

    Defendant(s).
_____

**ORDER DENYING MOTION FOR SANCTIONS
AND GRANTING MOTION FOR EXTENSION**
_____
**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion for Sanctions for Plaintiff's Failure to Obey the Court's Order Granting Motion to Compel** (Doc. No. 42) [Docket No. 51; Filed June 25, 2008] ("Motion for Sanctions"); and **Plaintiff's Motion for Extension of Time to Provide Supplemental Disclosures and Second Supplemental Response to Defendant Newspaper Agency LLP's First Set of Interrogatories, Request for Admission and Request for Production** [Docket No. 52; Filed June 25, 2008] ("Motion for Extension"). Both motions pertain to the Court's June 6, 2008 Order requiring Plaintiff to supplement his discovery responses by June 20, 2008 [Docket No. 42]. Plaintiff failed to do so and now seeks, after expiration of the deadline, to extend the time for his compliance. Because of this failure, Defendant requests that the Court sanction Plaintiff.

    Counsel for Plaintiff attempts to justify his failure to comply with the Court's deadline

by describing the various filings he has been responsible for in other cases. *Motion for Extension* [#52] at 2-3. The Court notes that the press of business is rarely, if ever, sufficient to show excusable neglect. While the Court takes a very dim view of requests for extension of time made after the deadline for compliance has expired, in the interest of justice to Plaintiff,

IT IS HEREBY **ORDERED** that the Motion for Extension [#52] is **GRANTED**. On or before **July 2, 2008**, Plaintiff shall fully comply with my June 6, 2008 Order [Docket No. 47].

The Court issues a second, and final, warning to Plaintiff that his or his counsel's failure to ***comply with this Order <u>will</u> result in the imposition of sanctions, including the possibility that the Court will recommend that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 37(b).***

IT IS FURTHER **ORDERED** that Plaintiff shall review and comply with D.C. Colo. L. Civ. R. 10.1 regarding the proper format for Court filings. Specifically, the Court notes that Plaintiff's Motion for Extension is prepared in less than 12-point font as required by Rule 10.1(D). Future pleadings that do not comply will be summarily stricken.

IT IS HEREBY **ORDERED** that the Motion for Sanctions [#51] is **DENIED**.

The Court notes that the duty to confer in reference to both motions was either not satisfied or given very short shrift. For instance, sending an email the day before filing a motion is insufficient. Three business days is a reasonable period of time for counsel to respond regarding an attempt to confer. Given the Court's significant caseload, the Court must require that the duty to confer prescribed in D.C. Colo. L. Civ. R. 7.1(A) be fully satisfied and that the parties first meaningfully attempt to resolve their differences prior to

seeking Court involvement.

Dated: June 26, 2008

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge