IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02097-WDM-KLM

JOHN MATHEWS,

    Plaintiff(s),

v.

DENVER NEWSPAPER AGENCY LLP,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to the Order of June 6, 2008 [Docket No. 47]. Per that Order, I awarded Defendant the reasonable costs incurred by Defendant in litigating its successful Motion to Compel against Plaintiff. The Court directed Defendant to file an affidavit by June 20, 2008, certifying its costs. Defendant did so [Docket No. 48]. The Court also directed Plaintiff to file his objections to the affidavit, if any, no later than June 27, 2008. No objections to the affidavit were filed by Plaintiff.

    It is the Court's responsibility to make an independent determination as to the reasonableness of the sanction. *See* Fed. R. Civ. P. 37(a) (noting that the sanctions must both be just and related to the claim at issue); *see Beilue v. Int'l Bhd. of Teamsters, Local No. 492*, 13 Fed. Appx. 810, 813 (10th Cir. 2001) (holding that the award of fees for abuse of the discovery process "is a remedy provided for by law and within the inherent power of the court"). The starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable

hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). Generally, a party seeking an award of attorneys' fees and costs must demonstrate that the fees and costs he seeks are reasonable. *Dewey v. Hewlett Packard Co.,* No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, Counsel must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 435.

Having considered the affidavit filed by Defendant, Plaintiff's failure to object, and the record before the Court, the Court finds that Defendant's reasonable costs in preparing for and filing the Motion were $2,000.00 (eight hours at $250/hour), and sanctions Plaintiff as follows.

IT IS HEREBY **ORDERED** that Plaintiff shall reimburse Defendant in the amount of **$2,000.00** for the costs incurred by Defendant in litigating the Motion to Compel.

IT IS FURTHER **ORDERED** that the amount set forth in this Order shall be paid on or before **July 31, 2008**. Failure to comply with this Order may result in the Court recommending that judgment be entered in favor of Defendant and against Plaintiff in that amount. On or before August 1, 2008, Defendant shall file a Status Report as to whether Plaintiff has complied with this Order.

Dated: June 30, 2008

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge