IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02097-WDM-KLM

JOHN MATHEWS,

        Plaintiff(s),

v.

DENVER NEWSPAPER AGENCY LLP,

        Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

        This matter is before the Court on **Plaintiff's Motion to Reopen Discovery for
Limited Purpose** [Docket No. 87; Filed September 19, 2008] (the "Motion").  The Court
expedited Defendant's time to respond to the Motion and did not permit the filing of a reply
[Docket No. 91].  Defendant filed its Response in opposition to the Motion on October 6,
2008 [Docket No. 93].  The Motion has now been fully briefed.

        IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth
below.

        Plaintiff seeks to reopen discovery to propound a narrowly-tailored derivation of a
request for production of documents that was prohibited by this Court due to its overbroad
nature [Docket No. 67], and to reconvene the deposition of Defendant's agent.   *Motion*
[#87] at 1.  Previously, Plaintiff propounded a request for production of documents which
sought the production of Defendant's personnel files for certain employees.  Defendant
objected to the discovery request on the grounds that the files contained confidential

information, and that Defendant had already produced the disciplinary records of certain employees requested by Plaintiff [Docket No. 93-2]. The Court denied Plaintiff's motion to compel Defendant to produce the personnel files. *Order* [#64] at 9. Plaintiff appealed this decision, and District Court Judge Walker D. Miller overruled Plaintiff's objections [Docket No. 80]. Judge Miller agreed that the request for production was overbroad, and that Plaintiff failed to satisfy his burden to show that such personnel files, given their confidential nature, were relevant. *Order* [#80] at 2-3.

Pursuant to the present Motion, Plaintiff now seeks to reopen discovery in order to propound a more narrowly-tailored request for production and to reconvene the deposition of Defendant's agent. The Motion lacks merit. Plaintiff has been on notice since he received Defendant's objection to the request for production that the breadth of his request was an issue. Plaintiff suggests that after he propounded the request for production, the Tenth Circuit clarified a party's burden of proof regarding the production of personnel files. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008). Even giving Plaintiff the benefit of the doubt about the significance of the *Regan-Touhy* decision, Plaintiff was on notice as of the date of that decision, May 20, 2008, that because of the confidential nature of the information sought, he was obligated to tailor his discovery request to seek only information relevant to his case. Further, Plaintiff's argument about the significance of *Regan-Touhy* is a stretch. As recognized by the District Court, the holding of *Regan-Touhy*, namely that the discovery sought must be relevant to Plaintiff's case, was already well-established law. *Order* [#80] at 2-3.

Plaintiff contends that a narrowly-tailored request for production seeking information from the personnel files of specific individuals is relevant to Defendant's claim "that

Plaintiff's work record was worse than that of other, similarly situated employees whom Defendant did not demote." *Motion* [#87] at 5. Defendant counters that the personnel files at issue do not contain annual performance reviews which could provide Plaintiff with information for a comparison, and that all disciplinary records relating to the individuals whose personnel files are in dispute have already been produced. *Response* [#93] at 3.

The Tenth Circuit has set forth a six-part test for determining whether discovery should be reopened. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Specifically, the Court should consider (1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the nonmoving party; (4) whether the moving party was diligent in his efforts to obtain the information within the discovery deadline; (5) the foreseeability that additional discovery would be necessary prior to expiration of the deadline; and (6) whether the proposed discovery is likely to lead to the discovery of relevant evidence. *Id.* On balance, the Court finds that consideration of the factors weighs against reopening discovery.

As to the first factor, although a trial date has not been set, a pending motion for summary judgment has been filed by Defendant [Docket No. 74]. As to the second factor, Defendant opposes the request. As to the third factor, contrary to Plaintiff's assertion, Defendant would be prejudiced by reopening discovery. Allowing Plaintiff to take additional discovery would likely delay resolution of Defendant's motion for summary judgment and would require Defendant to incur additional time and expense in responding to a newly-propounded request for production and making its agent available for a deposition. In regard to the deposition, Plaintiff seeks to take additional testimony from Plaintiff's supervisor, Katie McManus. This would be the <u>third</u> reopening of Ms. McManus'

deposition. Plaintiff does not explain why, if Ms. McManus' testimony on the performance of other individuals was relevant, Plaintiff did not depose her on this issue at the time of her first two depositions.

As to the fourth and fifth factors, although Plaintiff contends that he was diligent in his efforts to seek this discovery prior to expiration of the deadline, he could have narrowly tailored his request in a more timely fashion. Indeed, prior to expiration of the discovery deadline, Defendant offered to produce information from the personnel files at issue "if Plaintiff would narrow his request identifying the specific types of records that he might be seeking." *Response* [#93] at 2. Plaintiff was unwilling to compromise or narrow his request for production. This history is particularly compelling considering that the decision in *Regan-Touhy* left no doubt about the overbreadth of Plaintiff's discovery request, before both the discovery period expired and this Court's ruling on his motion to compel. As such, prior to expiration of the discovery deadline, it was foreseeable that Plaintiff's motion to compel would be denied and that a more narrowly-tailored request would likely be the only way to obtain this information. Defendant asserts, and the Court agrees, that Plaintiff should not be rewarded for his decision not to narrowly tailor his request for production within the discovery deadline. Put simply, Plaintiff's all-or-nothing approach was unsuccessful. Such conduct does not evidence due diligence on his part, and the Court attributes his present predicament to his own decisions rather than a lack of foreseeability.

As to the sixth and final factor, the Court is not persuaded that Plaintiff has satisfied his burden to show that additional discovery would lead to relevant information. Although relevance is the key issue here, Plaintiff fails to adequately address this issue in his Motion. Instead, without explanation, he first asserts that "[t]here is no dispute over the relevance

of at least some of the documents and/or at least some of the electronically stored information that Plaintiff may receive as a result of such a more narrowly tailored discovery request." *Motion* [#87] at 4. Although Plaintiff later explains that certain information contained in the personnel files may be relevant to compare how Plaintiff was treated with the treatment of other employees, he does not indicate what type of information may be contained within the files that could be relevant to this purpose. *See id.* at 5. To the extent that Plaintiff cites to Judge Miller's Order, which mentions arguments Plaintiff apparently made in his objection regarding the potential relevance of documents that may be contained in the personnel files, i.e., records relating to coaching or records of unsubstantiated complaints made by witnesses against Plaintiff, he does not reiterate those arguments here nor offer any further explanation of the relevance of such <u>alleged</u> documents to the present case. The Court is not obligated to search through Plaintiff's pleadings and find more specific arguments that may support Plaintiff's relevance burden. *See generally SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992).

By contrast, Defendant disputes that the personnel files contain relevant information and contends that information which could enable a comparison between Plaintiff and other employees would not be located therein. *Response* [#93] at 3. Specifically, Defendant argues that the disciplinary records of the individuals' whose files are at issue have already been produced and that "[e]verthing that Plaintiff could want, and that could be relevant to this lawsuit, is included [therein] and not in the personal matters contained in [the personnel] files" [Docket No. 93-2 at 3]. Whether personnel files may contain relevant information is a determination that "should be firmly applied" given the confidential nature of the information contained in an individual's personnel files. *Regan-Touhy*, 526 F.3d at

648-49.  To the extent that Plaintiff seeks to compare the treatment of Plaintiff with the treatment of other individuals who were not similarly demoted, Plaintiff has failed to explain (1) how the personnel files of those individuals would enable him to make this determination, (2) why the disciplinary records he already has are insufficient, and (3) how he could narrowly tailor his request for production to seek only relevant information. Accordingly, the Court is not persuaded that reopening discovery is warranted.

Dated:        October 8, 2008

                                            BY THE COURT:

                                             s/ Kristen L.  Mix
                                            Kristen L.  Mix
                                            United States Magistrate Judge