IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02097-WDM-KLM

JOHN MATHEWS,

    Plaintiff(s),

v.

DENVER NEWSPAPER AGENCY LLP,

    Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court on **Plaintiff's Emergency Motion to Allow Deposition to be Taken by Telephone** [Docket No. 136; Filed December 20, 2008] ("Plaintiff's Motion") and **Defendant's Motion for Protective Order** [Docket No. 138; Filed December 23, 2008] ("Defendant's Motion") (collectively the "Motions"). The Motions involve a dispute over whether Plaintiff should be permitted to depose a third party who may be unavailable for trial, after the discovery cutoff. The Court has reviewed Motion No. 136, Defendant's Response [Docket No. 143], Motion No. 138, Plaintiff's Response [Docket No. 140], Defendant's Reply [Docket No. 144], the case file, and the applicable law and is sufficiently advised in the premises.

    In consideration of the fact that the discovery deadline in this case has expired and that previous requests to reopen discovery have been denied, Plaintiff seeks permission to conduct a preservation deposition of Abraham George, a trial witness for Plaintiff. *Plaintiff's Motion* [#136] at 1. As grounds, Plaintiff states that as of the time the Motion was

filed, Mr. George intended to move to India and may not be within this Court's subpoena authority or available to provide live testimony at trial. *Id.* at 2. Plaintiff further states that the parties have been aware of Mr. George's alleged relevance to this case since his inclusion in Plaintiff's initial disclosures and list of witnesses for trial, and that the deposition would not be conducted for purposes of discovery. *Response to Defendant's Motion* [#140] at 5. Plaintiff proposes to conduct a telephone deposition of Mr. George.[1] *Plaintiff's Motion* [#136] at 4.

For its part, Defendant contends that there are no compelling circumstances to allow the telephonic deposition of Mr. George; that the potential value of his testimony could have been derived during discovery; that Plaintiff was not diligent in his efforts to preserve this testimony; that "Mr. George is hardly a material witness" and "has no information relevant to plaintiff's action"; and that any deposition would need to be conducted in person to enable Defendant "to observe the deponent and . . . utilize documents." *Defendant's Motion* [#138] at 1-3; *Response to Plaintiff's Motion* [#143] at 2. While Defendant also takes issue with the timing of Plaintiff's request, it does not necessarily contend that it would be prejudiced by allowing Plaintiff to take Mr. George's deposition at a time that is mutually agreeable to both parties.

As to whether the expiration of the discovery deadline should control here, Plaintiff

---

[1] At the time the Motion was filed, Mr. George was in Houston and preparing to move to India. Mr. George informed Plaintiff's counsel that he would only be available for a deposition on the morning of December 24, 2008 before he returned to India. *Motion* [#136] at 2. Plaintiff sought an emergency ruling from the Court to permit Plaintiff to depose Mr. George telephonically. To the best of the Court's knowledge, Mr. George has now returned to India. Given that the parties have continued to brief the issue of whether a deposition of Mr. George is proper, even after Mr. George's presumed return to India, the Court considers Plaintiff's request to depose Mr. George telephonically to be a live controversy.

2

contends that there is a distinction between a deposition taken for the purpose of discovery and one taken for the purpose of preserving testimony for trial.  *Response to Defendant's Motion* [#140] at 5.  Defendant argues that no distinction exists pursuant to the Federal Rules and that the Court should consider the expiration of the discovery deadline as a factor against allowing Plaintiff to depose Mr. George.  *Reply to Defendant's Motion* [#144] at 2.  While I agree that the Federal Rules do not distinguish between these two types of depositions, I note that the courts, as a practical matter, occasionally have.  *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354-56 (D. Colo. 2001) (holding that trial depositions are not discovery); *Odell v. Burlington N. RR Co.*, 151 F.R.D. 661, 663 (D. Colo. 1993) (same); *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (holding that even though discovery was closed, parties could depose witnesses whose unavailability at trial was anticipated).  *But see Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 559 (S.D. Cal. 1999) (finding no distinction between a discovery deposition and trial deposition); *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 557-58 (D. Minn. 1991) (same).

In *Estenfelder*, the court held that "in determining whether a deposition is a discovery deposition or a trial deposition, judges may consider . . . the purpose for which the deposition is being taken." *Estenfelder*, 199 F.R.D. at 355 (citation omitted).  As the court noted, attorneys do not normally depose their own witnesses for discovery purposes because they already know what these witnesses will say when they testify.  *Id.*  Further, if the "primary purpose of the deposition is to preserve testimony for trial, the deposition should not be disallowed" simply because the information could have been derived in discovery.  *See id.* (citing *Spangler*, 138 F.R.D. at 124).

Like the court in *Estenfelder*, I find that there is a practical distinction between a trial

deposition and a discovery deposition. Further, as Plaintiff is attempting to depose a friendly witness, and as the parties already know the alleged content of Mr. George's testimony, the Court holds that this is a trial deposition and not for the primary purpose of discovery. Further, I note that this is not a surprise witness who was revealed to the opposing party in an untimely way. Rather, the alleged relevance of Mr. George's testimony has been known to the parties since Plaintiff submitted his initial disclosures. Moreover, although Defendant strenuously argues otherwise, I find no compelling fault in Plaintiff's handling of this situation upon the revelation of Mr. George's intention to move to India. While the exigent need to take the deposition by December 24, 2008 may have been avoided with better communication, given that the timing can now be worked out amongst the parties, this fact should not preclude Mr. George's preservation deposition.

Moreover, I note that Defendant has not clearly articulated any prejudice it may suffer by allowing Plaintiff to depose Mr. George. While it does argue that the deposition should be in person, it also argues that Mr. George is not a material witness. I find that the latter argument undermines the former argument and does not reveal a cognizable prejudice necessitating entry of a protective order. Finally, considering the Tenth Circuit's recognition that the "[t]he decision to exclude evidence is a drastic sanction," I find that a preservation deposition is reasonable under the circumstances articulated here. *See Summers v. Mo. Pac. RR Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#136] is **GRANTED**. Counsel for both parties are directed to meet and confer with regard to an appropriate time and date on which to conduct the telephonic deposition.

IT IS HEREBY **ORDERED** that Defendant's Motion is [#138] is **DENIED**. In addition

4

to my reasoning set forth above, I note that Defendant has failed to adequately justify entry of a protective order pursuant to Fed. R. Civ. P. 26(c). Specifically, nothing in the parties' pleadings on the Motions suggests that a protective order is necessary to protect Defendant from "annoyance, embarrassment, oppression, or undue burden." To the extent that Defendant argues that Mr. George is not a material witness for Plaintiff, this argument goes to the eventual weight that the finder of fact may place on his testimony, not to whether participating in a telephonic preservation deposition would unreasonably burden Defendant.

IT IS FURTHER **ORDERED** that the parties shall bear their own costs associated with litigating the Motions.

Dated: January 15, 2009

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge